IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHIRLEY STEWART and<br>LARRY STEWART,<br>                        Plaintiffs,<br><br>            v.<br><br>HSBC BANK, USA,<br><br>MERS (Mortgage Electronic Registration System, Inc.),<br><br>DELTA FUNDING CORPORATION, d/b/a Fidelity Mortgage,<br><br>OCWEN LOAN SERVICING, LLC,<br><br>NECTAR PROJECTS, INC.,<br><br>TINA B. MCDANIEL, personal and professional capacity,<br><br>LAW OFFICES OF SHAPIRO & BURSON, LLP,<br><br>and<br>RENAISSANCE MORTGAGE ACCEPTANCE CORP.,<br>                        Defendants. | Civil Action Number 3:10CV586 |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on plaintiffs' motion for leave to proceed *in forma pauperis* and amended motion for leave to proceed *in forma pauperis* with regard to their complaint against the above-named defendants. Having reviewed the affidavit filed in support of the motion, the Court will grant plaintiffs' motions for leave to proceed *in forma pauperis* and will direct the Clerk to file the complaint.

Nevertheless, this action cannot proceed any further. While *pro se* actions are to be generously construed, federal courts are not required to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) (District judges "cannot be expected to construct full blown claims from sentence fragments."). Further, a pleading that sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Each "allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), so as to give defendants "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 9 requires that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b).

The District of Maryland recently discussed the pleading requirements in a case filed by a *pro se* litigant. In *Adam v. Wells Fargo Bank, N.A.*, No. 1:09CV2387, 2010 WL 3001160, *2 (D. Md. 2010), he noted that under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, " and that this pleading standard does not require "detailed factual allegations" but does demand more than an unadorned accusation. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers no more than "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.*

The Fourth Circuit also recently examined the requirements for pleading a proper complaint, discussing in *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009), the recent decisions of the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, and concluding that "Rule 8 itself requires a *showing of entitlement* to relief." *Francis*, 588 F.3d at 192 (emphasis in original).

Plaintiffs' complaint fails to comply with Rule 8 or Rule 9(b) of the Federal Rules of Civil Procedure. The complaint consists of 79 pages, but most of those pages are general in nature, including purported copies of court documents and what appear to be instructions with regard to how to sue a bank, with virtually no specific allegations regarding the instant plaintiffs and defendants.

The first page of the complaint refers to "R.I.C.O., FRAUD, BANK FRAUD, CONSPIRACY/OBSTRUCTION OF JUSTICE, TAX FRAUD, MONEY LAUNDERING, WIRE FRAUD, PERJURY, U.S. PATRIOT ACT TITLE III." It refers to the complaint as a "PETITION IN THE NATURE OF A SUIT FOR DEPRIVATION OF FEDERALLY PROTECTED RIGHTS TITLE 42 USC 1983, 1981, 1985, 1988, TITLE 18 USC 241, 242, 1512, 1968, 1964, FOR INJUNCTIVE AND DECLARATORY RELIEF AND OTHER DAMAGES AS THE COURT SHALL DETERMINE REASONABLE, LAWFUL, AND JUST." The second page of the complaint has a list of defendants that includes an additional defendant that is not listed in the plaintiffs' style of the case: "Tina B. McDaniel, personal and professional capacity."[1] "Ground 1," also on page two of the complaint, is stated as follows: "Under the patriot act domestic terrorist to delegitimize political opponents, and thus legitimize the state's own use of terror against those opponents. Opponents in participants are following: (Title III, VI, VIII, H.R. 2975) Charges in header above also applies along with FRAUD/BANK FRAUD, PROCEDURAL DUE PROCESS VIOLATIONS IN STATE COURT." There is also a reference to the Hobbs Act, 18 U.S.C. § 1951.[2]

---

[1] There are other defendants listed on pages 78 & 79 of the complaint that are also not listed in the plaintiffs' style of the case.

[2] The Hobbs Act "criminalizes interference with interstate commerce by extortion, along with attempts or conspiracies, § 1915(a), extortion being defined as 'the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right,' § 1851(b)(2)."

Thereafter, there are the following: (1) an "Expert Declaration of Neil Franklin Garfield" (twenty-two pages) purportedly filed in a bankruptcy proceeding in the District of Arizona, Tucson Division (Case No. 4:09BK9703-EWH) with regard to a loan transaction between Anthony Tarantola and an entity named as Argent Mortgage; (2) several pages that are entitled "Brief in Support" that state that "the government-sponsored enterprises can reclaim the money 'scammed' from them by the banks;" (3) approximately fifteen pages that begin with the title "Memorandum of Law - Bank Fraud," and that include citations to various cases throughout the United States and various statements entitled "How and Why the Banks Secretly and Quickly 'Switch Currency,'" "Logic as Evidence," and "What a Profit for the Bank!;" (4) a list of "Definitions to Know When Examining a Bank Contract;" (5) "Questions One Might Ask the Bank in an Interrogatory;" (6) a purported "Judgment and Decree" in a case from the state of Minnesota from 1969; (7) many pages that are referred to as "this Memorandum of Law" that include subtitles such as "Credit Loans and Void Contracts Perfect Obligation as to a Human Being as to a Bank," "The Goldsmiths," "Modern Money Mechanics," "How Banks Create Money," "Different Kinds of Money," "By What Authority," "Void 'Ultra Vires' Contracts," "The Question of Lawful Consideration," "Borrower Relief" and "Additional Borrower Relief," "Perfect Obligation as to a Human Being," "Perfect Obligation as to a Bank," "The Case is Clear," and "Fiddling of Banks' Books Does Not Create a Contract;" (8) a purported "Opinion and Order" issued in the United States District Court for the Northern District of Ohio, Eastern Division, on May 26, 2009; and (9) "Summary of the Law of Voids in the United States," which includes subtitles such as "Theft by Deception," "Fraudulent Conveyance," "Foreclosures at the Table," and "Explaination [sic] of Deed of Trust."

Next, on page 62 of 79, it states as follows: "GROUND 2: R.I.C.O. Defendant(s) have by their acts/actions, past behavior(s) Racketeering in State Court Proceedings including the State in this case

4

as well including Judges an [sic] their bar friends collection attorneys." This is followed by sixteen case citations and the following statements that are the first specific mention of the plaintiffs in this matter: "Plaintiff's preliminary RICO case statement Shirley Stewart and Larry Stewart, in this complaint, testifies [sic] to injury to property and business by reason of acts that violate section 4 of the Clayton Act. (citation omitted) Shirley Stewart and Larry Stewart, has [sic] articulated violations of racketeering laws, will testify that the violations injured property warranting treble damages." There are further allegations claiming that they have standing to sue under RICO and that they have perfected a RICO claim.

On page 65, it states as follows: "GROUND 3. Bank Fraud, Mortgage Fraud in State Court Proceedings." This is followed immediately by a purported opinion from a New York Court, *Wells Fargo Bank, N.A. v. Farmer*, 18 Misc.3d 1124(A) (N.Y. Sup. 2008), next by a statement about mortgage fraud, and then language that appeared on page one of the complaint, "R.I.C.O., FRAUD, BANK FRAUD, CONSPIRACY/OBSTRUCTION OF JUSTICE, TAX FRAUD, MONEY LAUNDERING, WIRE FRAUD, PERJURY, U.S. PATRIOT ACT TITLE III," is repeated, as is the reference to the complaint as a "PETITION IN THE NATURE OF A SUIT FOR DEPRIVATION OF FEDERALLY PROTECTED RIGHTS TITLE 42 USC 1983, 1981, 1985, 1988, TITLE 18 USC 241, 242, 1512, 1968, 1964, FOR INJUNCTIVE AND DECLARATORY RELIEF AND OTHER DAMAGES AS THE COURT SHALL DETERMINE REASONABLE, LAWFUL, AND JUST." This is followed by "GROUND 4. Due Process Violations," which is followed by a discussion of a recent New York Supreme Court case, *LaSalle Bank, N.A. v. Shearon*, 19 Misc.3d 433 (N.Y.Sup. 2008).

On page 72, the "R.I.C.O. . . ." language that appeared on page one of the complaint is repeated again, followed by the subtitle "GENERAL ALLEGATIONS." What follows next is a

purported statement of due process and other various Constitutional violations and, on page 74, the subtitle "FORTH [sic] CLAIM FOR RELIEF," again discussing "ongoing unlawful intentional tort denial and obstruction of due process and equal protection" and referencing various provisions of the Constitution. Next, on page 74, appears "GROUND 5: Jurisdiction in State Court Violations," followed by "JUDICIAL NOTICE IN THE NATURE OF WRIT OF ERROR CORAM NOBIS NON CORPORATE ENTITY & A DEMAND FOR JUDGMENT," and language referring to a "Foreign State," the "Foreign Sovereign Immunity Act," and statements entitled "EXAMPLE CASE SUMMARY OF DAMAGES." Finally, on page 77, plaintiffs move for judgment against the defendants in the amount of $24,000,000 and for other relief.

Essentially, the complaint is a conglomeration of various documents that in no way constitute "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give defendants "fair notice" of the claim being asserted and the "grounds upon which it rests." Much of the complaint is incomprehensible, and there are no facts alleged that are sufficient to state a cause of action. Given the plaintiffs' failure to comply with Rule 8, this matter will be dismissed without prejudice.

An appropriate Order shall issue.

September 3, 2010  /s/
DATE  RICHARD L. WILLIAMS
  SENIOR UNITED STATES DISTRICT JUDGE